IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DANIEL LAMAR HATCHER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 2:17cv737-WKW |
| ) | (WO) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

### I. INTRODUCTION

Daniel Lamar Hatcher ("Hatcher") has filed a *pro se* "Motion for Relief from Judgment or Independent Action Pursuant to Federal Rules of Civil Procedure 60(b)(4)[,](6) & (d) for Fraud Upon the Court and Violation of F.R.CR.P. Rule 5(c)," by which he challenges his convictions and 300-month sentence for conspiracy to possess with intent to distribute crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and aiding and abetting the possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.  (Doc. No. 2.)  Hatcher argues that (1) his convictions must be vacated based on lack of jurisdiction and "fraud," because a magistrate judge presided at the initial appearance in his criminal case, in violation, he says, of Rule 5(c) of the Federal Rules of Criminal Procedure; and (2) the district court failed to apply the Fair Sentencing Act at his August 2012 sentencing.  *Id*.  For the reasons that follow, the Magistrate Judge finds that Hatcher's instant motion should be dismissed as a successive 28 U.S.C. § 2255 motion filed without the required appellate court authorization.

## II.  DISCUSSION

Hatcher seeks relief under Rules 60(b)(4) & (6) and Rule 60(d) of the Federal Rules of Civil Procedure.[1] "Federal Rule of Civil Procedure 60 provides a basis, but only a limited basis, for a party to seek relief from a final judgment in a habeas case." *Williams v. Chatman*, 510 F.3d 1290, 1293 (11th Cir. 2007).  Rule 60, like all Federal Rules of Civil Procedure, applies only to civil actions and proceedings in the United States District Court. *See* Fed.R.Civ.P. 1.  Thus, Fed.R.Civ.P. 60 provides no vehicle for relief from a judgment in a criminal case.  *See United States v. Fair*, 326 F.3d 1317 (11th Cir. 2003); *United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir. 1998).

When a *pro se* inmate such as Hatcher brings a motion under Rule 60, the district court may appropriately construe it as a 28 U.S.C. § 2255 motion, and, if applicable, treat it as an unauthorized second or successive motion.  *See Williams*, 510 F.3d at 1293–95.  If construed as a second or successive motion, the district court lacks subject matter jurisdiction on the merits of any claims presented in the motion.  *Id*. at 1295.  In *Gonzalez v. Crosby*, 545 U.S. 524, 531–32 (2005), the United States Supreme Court provided guidance on how prisoner claims under Rule 60 should be construed.  If the motion seeks to add a new ground for relief from the underlying judgment of conviction or sentence, or otherwise attacks the district court's resolution of any original § 2255 claims on the merits,

---

[1] Federal Rule of Civil Procedure 60(b) permits a litigant to move for relief from an otherwise final judgment in a civil case.  Rule 60(b) provides, in sum, the following six bases for relief: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; *(4) the judgment is void*; (5) the judgment has been satisfied, released, or discharged, is based on an earlier judgment that has been reversed or vacated, or applying it prospectively is no longer equitable; or *(6) any other reason justifying relief from the operation of the judgment*.  Federal Rule of Civil Procedure 60(d) permits a litigant to bring an independent action for relief from an otherwise final judgment in a civil case.

then the court should construe the Rule 60 motion as a second or successive § 2255 motion attacking the conviction and sentence, and dismiss it accordingly. *Id.*; *see also Williams*, 510 F.3d at 1293–94. By contrast, when a Rule 60(b) motion attacks some defect in the integrity of the prior federal habeas proceedings, courts should not treat the Rule 60 motion as a successive § 2255 motion. *Gonzalez,* 545 U.S. at 532–33; *see also Williams*, 510 F.3d at 1294. Such motions can be ruled on by the district court without the precertification from the court of appeals ordinarily required for a second or successive § 2255 motion.[2] *Gonzalez*, 545 U.S. at 538.

The grounds asserted in Hatcher's instant motion are new claims for relief from his convictions and sentence. They do not point out or allege a defect in the integrity of this court's judgment denying a previous § 2255 motion that Hatcher filed in this court in 2014.[3] Because Hatcher only asserts claims attacking his convictions and sentence, this court must construe his self-styled "Rule 60 motion" as a second or successive § 2255 motion. *See Gonzalez*, 545 U.S. at 531–32.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that, to file a second or successive § 2255 motion in the district court, the movant must first move

---

[2] *Gonzalez* addressed this issue in the context of a 28 U.S.C. § 2254 petition for habeas corpus relief. However, the Eleventh Circuit recognizes that "the principles developed in habeas cases also apply to § 2255 motions." *Gay v. United States*, 816 F.2d 614, 616 n.1 (11th Cir. 1987). Moreover, the Eleventh Circuit has stated that the holding and rationale of *Gonzalez* apply equally to § 2255 and § 2254 habeas proceedings. *See El-Amin v. United States*, 172 F. App'x 942 (11th Cir. 2006); *United States v. Terrell*, 141 F. App'x 849 (11th Cir. 2005).

[3] Hatcher's previous § 2255 motion was filed on August 15, 2014. *See* Civil Action No. 2:14cv880-WKW, Doc. No. 1. On May 10, 2017, this court entered a final judgment denying that § 2255 motion with prejudice. *Id.*, Doc. Nos. 41 & 42.

in the appropriate court of appeals for an order authorizing the district court to consider the motion. *See* 28 U.S.C. § 2244(b)(3)(A). The appellate court, in turn, must certify that the second or successive § 2255 motion contains "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *See* 28 U.S.C. § 2255(h).

"The bar on second or successive motions is jurisdictional." *In re Morgan*, 717 F.3d 1186, 1193 (11th Cir. 2013). A federal district court lacks jurisdiction to consider a successive § 2255 motion where the movant fails to obtain the requisite permission from the appellate court to file a successive motion. *Farris v. United States,* 333 F.3d 1211, 1216 (11th Cir. 2003). Hatcher has not obtained authorization from the Eleventh Circuit Court of Appeals to file a successive § 2255 motion. Because Hatcher has not obtained the required authorization from the appellate court, this court lacks jurisdiction to consider the merits of his present § 2255 motion and the motion is due to be dismissed for lack of jurisdiction. *See, e.g., Farris*, 333 F.3d at 1216; *Boone v. Secretary, Dept. of Corrections*, 377 F.3d 1315, 1317 (11th Cir. 2004).

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the magistrate judge that the § 2255 motion be dismissed for lack of jurisdiction, as Hatcher has failed to obtain the required

order from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive § 2255 motion.

It is further

ORDERED that the parties shall file any objections to this Recommendation or before November 15, 2017.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations under the provisions of 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1.  *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE, on this the 1st day of November, 2017.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge
