IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DANIEL LAMAR HATCHER, <br> # 12754-002, <br><br> Petitioner, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | ) <br> ) <br> ) <br> ) <br> ) CASE NO. 2:17-CV-737-WKW <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## **ORDER**

On November 1, 2017, the Magistrate Judge filed a Recommendation. (Doc. # 3.) On November 13, 2017, Petitioner Daniel Lamar Hatcher filed objections. (Doc. # 4.) The court has conducted an independent and *de novo* review of those portions of the Recommendation to which objection is made. *See* 28 U.S.C. § 636(b).

In his objection, Petitioner argues that the Magistrate Judge erred in treating his motion as a successive 28 U.S.C. § 2255 habeas petition, rather than as a motion for relief from the judgment in the *criminal* case (not from judgment in a previous § 2255 action) pursuant to Rule 60 of the Federal Rules of *Civil* Procedure. Rule 60 does not apply to judgments in criminal cases. Fed. R. Civ. P.

1 ("These rules govern the procedure in all *civil* actions and proceedings in the United States district courts." (emphasis added)).

The Federal Rules of Criminal Procedure "govern the procedure in all criminal proceedings in the United States district courts." Fed. R. Crim. P. 1(a). However, Petitioner's motion is not properly construed as a motion for relief from the criminal judgment or sentence under the Federal Rules of Criminal Procedure. In light of the timing of the motion and the grounds asserted in the motion, the motion is not properly construed as a motion for new trial under Rule 33, a motion to arrest judgment under Rule 34, a motion to correct or reduce a sentence under Rule 35, or a motion to correct a clerical error in a judgment under Rule 36. *See* Fed R. Crim. P. 33(b)(2) ("Any motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty."); Fed R. Crim. P. 34 ("The defendant must move to arrest judgment [for lack of jurisdiction over the charged offense] within 14 days after the court accepts a verdict or finding of guilty, or after a plea of guilty or nolo contendere."); Fed. R. Crim. P. 35 (providing that, "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error," and that, on grounds of substantial assistance, a sentence may be reduced on a later motion filed by the Government); Fed R. Crim. P. 36 ("After giving any notice it considers appropriate, the court may at any time

correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission.").

Accordingly, and for the reasons stated in the Recommendation (which the court concludes is without error), the motion for relief from judgment (Doc. # 2) is properly construed as a successive § 2255 petition. The petition must be dismissed for lack of jurisdiction because Petitioner did not obtain the Eleventh Circuit's authorization to file it.

Accordingly, it is ORDERED as follows:

1. Petitioner Daniel Lamar Hatcher's objection (Doc. # 4) is OVERRULED.

2. The Recommendation (Doc. # 3) is ADOPTED.

3. The petition is DISMISSED without prejudice for lack of jurisdiction.

Final judgment will be entered separately.

DONE this 30th day of April, 2018.

                        /s/ W. Keith Watkins
                    CHIEF UNITED STATES DISTRICT JUDGE